

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**THOMAS LINDEMAN**
Tel.: (212) 356-0418
tlindema@law.nyc.gov

March 25, 2025

**VIA ECF**
Hon. Margaret M. Garnett
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Hoskins v. City of New York et al,* 23-cv-2958(MMG)

Dear Judge Garnett:

      I am Senior Counsel in the office of Corporation Counsel Muriel Goode-Trufant, attorney for Defendants in the above-referenced action.

      I write to respectfully request that the March 27, 2025 post fact discovery conference be adjourned to a later date convenient for the Court, and that the rescheduled conference serve as a pre-motion conference for Defendants' anticipated motion for summary judgment.

      I apologize for the belated filing of this request. Due to the rescheduled close of fact discovery, I failed to account for the fact that the scheduled conference occurred within the 14 day window prescribed by Your Honor's individual rules for a request for a premotion conference. Plaintiff consents to this request. The requested adjournment will serve to allow Plaintiff to draft a response to Defendant's position on summary judgment in accordance with the Your Honor's rules.

      The parties have conferred and respectfully propose any time on April 10, 2025 for the rescheduled conference. Should the Court prove unavailable on that date, the parties are also available on April 2, 2025, April 7, 2025 and April 9, 2025.

      Turning to Defendants' anticipated motion, Plaintiff's Complaint (ECF No. 1) in the instant matter claims that Defendants unlawfully denied Plaintiff access to withdrawal treatment, and thus acted with "deliberate indifference to serious medical needs" in violation of the Fourteenth Amendment as enforced by 42 U.S.C. § 1983. Plaintiff further contends that this purported denial of treatment amounted to "unlawful discrimination against qualified individuals with disabilities" in violation of The Americans with Disabilities Act 42 U.S.C. §§ 12131-12134.

"[A] detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Charles v. Orange County*, 925 F.3d 73, 87 (2d Cir. 2019). Deliberate indifference requires, at a minimum, "culpable recklessness, i.e., an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Id.* at 87.

Here, Plaintiff cannot show that Defendants acted with "culpable recklessness" as required by law. Defendant will show in its motion for summary judgment that Mr. Hoskins was given access to withdrawal services in March of 2020 and was admitted to an ongoing methadone maintenance program as soon as it was practically safe to do so in April of 2020. While new admissions to the KEEP program were briefly suspended at the height of the Covid-19 pandemic, the undisputed record will show that decision was made in unprecedented medical circumstances with the goal of limiting the risk of Covid-19 being transmitted to at risk inmates and avoiding starting patients on a drug regimen that could not be maintained upon release. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998). Further, the suspension did not result in a denial of withdrawal services. Thus, Plaintiff's constitutional claim must be dismissed.

"In order to establish a violation under the ADA, the plaintiffs must demonstrate "that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or w[as] otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d Cir. 2003).

Plaintiff's ADA claim must fail because Plaintiff cannot allege that he was treated differently than inmates who were not disabled. Plaintiff's sole allegation is that he was denied access to withdrawal services at the height of the Covid-19 pandemic. However, "The disabilities statutes do not guarantee any particular level of medical care for disabled persons, nor assure maintenance of service previously provided." *Cercpac v. Health & Hosps*. Corp., 147 F.3d 165, 168 (2d. Cir. 1998). *See also Flight v. Gloeckler*, 68, F.3d 61, 63-64 (2d Cir. 1995) (stating that the Rehabilitation Act "does not clearly establish an obligation to meet a disabled person's particular needs vis-a-vis the needs of other handicapped individuals, but mandates only that services provided [to] nonhandicapped individuals not be denied to a disabled person because [s]he is handicapped".) Because withdrawal services were not denied or suspended, and because Plaintiff was not denied to the opportunity to access services offered to nonhandicapped individuals, Plaintiff cannot establish a violation under the ADA.

Thus, Defendants respectfully request that the March 27, 2025 conference be adjourned, and that the rescheduled conference serve as a pre-motion conference on Defendants' anticipated motion for summary judgment.

Thank you for considering this request.

Respectfully submitted,

/s/
Thomas Lindeman
Senior Counsel

cc: Masai L. Lord, esq.(via ECF)

GRANTED. The post-discovery conference is hereby ADJOURNED until **April 24, 2025 at 9:30 a.m.** No further adjournments will be granted absent extraordinary circumstances. In advance of the conference scheduled for March 27, the parties were reminded in no fewer than four prior orders that they were to comply with the Court's post-fact discovery procedures set forth in the Individual Rules. *See* Dkt. Nos. 29, 33, 35, and 37. While the Court acknowledges and appreciates counsel's apology, such disregard for repeated Court orders will not be tolerated going forward, and the requested adjournment is being granted ONLY so that Plaintiff is not unfairly prejudiced by defense counsel's dilatoriness. Given the generosity of the foregoing adjournment, the Court expects the parties to be entirely prepared in advance of the conference. Plaintiff shall file any responsive pre-motion letter no later than **April 8, 2025**.

SO ORDERED. Dated March 25, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE